IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WILLIAM T. ELLIS, § § **Plaintiff** § § v. § § KANSAS CITY SOUTHERN RAILWAY § COMPANY, § § **Defendant.** § | CASE NO.  205 CV 477 |

**MEMORANDUM OPINION AND ORDER**

Ellis has moved to quash Kansas City Southern Railway Company's ("KCSRC") deposition notices of Ellis's prior employers and for a protective order with regard to those employers (Docket No. 35).  Ellis has also moved to quash KCSRC's deposition notices of United Healthcare regarding Ellis's health insurance records and for a protective order with regard to United Healthcare (Docket No. 40).  For the following reasons, the Court **DENIES** Ellis's Motions to Quash and Motions for a Protective Order.

Ellis's claim for lost earnings and lost earning capacity arising from a workplace accident is governed by the Federal Employer Liability Act, 45 U.S.C. § 51 et seq.  KCSRC served notices of intention to take deposition by written question on two of Ellis's prior employers, the Texas Department of Criminal Justice and Wal-Mart Stores, Inc.  Ellis was employed by Wal-Mart from 1984 to 1991 and by the Texas Department of Criminal Justice from 1991 to 2000.  KCSRC also served a notice of intention to take deposition by written question on United Healthcare regarding Ellis's health insurance records.

1

Ellis objects to these notices and argues that employment records more than ten years old are not relevant.  KCSRC argues that the employment records are relevant to the issue of Ellis's prior and future earning capacity.  Ellis objects to the deposition of United Healthcare on the basis that Ellis is already providing KCSRC with all medical records related to the occurrence which is the basis for this litigation and that any further discovery of Ellis's medical records is a "fishing" expedition.  KCSRC argues that all of Ellis's medical records are discoverable because they are relevant to whether Ellis's claimed injuries are to any extent pre-existing conditions.  Ellis offers only conclusory arguments that KCSRC's requested discovery is overly broad, irrelevant and not likely to lead to the discovery of admissible evidence.

Federal Rule of Civil Procedure ("FRCP") 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Relevance in discovery is broader than admissibility at trial; information is discoverable if "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.  Local Rule CV-26(d) provides further guidance to counsel in evaluating whether evidence is "relevant to the claim or defense of any party:"

> (1) It includes information that would not support the disclosing parties' contentions; (2) It includes those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the parties; (3) It is information that is likely to have an influence on or affect the outcome of a claim or defense; (4) It is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense; and (5) It is information that reasonable and competent counsel would consider reasonably necessary to prepare, evaluate or try a claim or defense.

Accordingly, relevancy in discovery has a broad and liberal scope. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964); *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Ellis's conclusory arguments are insufficient to support his claim that KCSRC's requested discovery is irrelevant and not likely to lead to the discovery of admissible evidence. Ellis's conclusory arguments also fail to show good cause for a protective order under FRCP 26(c). Ellis's work history is relevant to his future earning capacity. Similarly, Ellis's medical history is relevant to whether his claimed injuries were in fact caused by the accident. Accordingly, the Court **DENIES** Ellis's motions.

**So ORDERED and SIGNED this 29th day of September, 2006.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**